IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COHEN ENTERPRISES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-1587 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

## SYNOPSIS

This is an appeal from a Notice of Determination by the IRS, under 26 U.S.C. §§ 6320 and 6330.  Plaintiff avers that Defendant improperly denied it collection alternatives in order to pay its employment tax obligations, and instead sustained a levy.  Defendant has filed a Motion for Summary Judgment, on grounds that it did not abuse its discretion in declining to approve a collection alternative.  The parties have submitted affidavits and other evidence relating to the Motion.

The pertinent facts are undisputed.[1]  After appropriate procedures, the IRS filed a Notice of Tax Lien against Plaintiff, as the result of unpaid federal employment and unemployment taxes.   Plaintiff requested, and received, a

---

[1] Plaintiff disputes that the requested financial information was necessary for the appeals officer to evaluate the collection alternative, stating that this is not a fact, but is instead an expression of Defendant's position in this litigation; Plaintiff also clarifies the legal conclusion that its president can be personally liable for employment, but not unemployment, tax liability.

telephone hearing before an appeals officer. In connection with the hearing, Plaintiff expressed a desire to enter into an installment agreement or other collection alternatives. After the hearing, the appeals officer requested certain personal financial information from the Plaintiff's president, who refused to provide the information.[2] Consequently, a Notice of Determination issued, which denied Plaintiff's request for an alternative collection method and determined that a notice of levy was appropriate. The appeals officer's decision was based on his evaluation of "information provided, information in the Internal Revenue Service's administrative files, and what occurred at the appeals hearing." In particular, he asserts that without the financial information, he was unable to continue the process of determining whether a collection alternative was appropriate. The Notice of Determination states that the appeals officer balanced efficient collection and intrusiveness. The parties dispute neither the accuracy of the tax assessment, nor that Plaintiffs' tax obligations were otherwise current as of the date that this proceeding commenced.

## DISCUSSION

### A. APPLICABLE STANDARDS

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, " the evidence of the

---

[2]Plaintiff suggests some impropriety regarding the timing of the request, but does not explain why a post-hearing request is improper.

non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

The parties agree that the applicable standard of review is whether the appeals officer abused his discretion in deciding the issue before him. E.g., Stop 26-Riverbend, Inc. v. United States, No. C2-02-0285, 2003 U. S. Dist. LEXIS 5528, at **3-4 (S.D. Oh. March 12, 2003). An abuse of discretion is an arbitrary action not justifiable in light of the facts and circumstances presented in the record. E.g., Dudley's Comm. and Indus. Coating, Inc. v. United States, 3:02-0106, 2003 U.S. Dist. LEXIS 6243, at **22-23 (M.D. Tenn. March 18, 2003). Under this standard, I may not substitute my judgment for that of the appeals officer. See, e.g, Christian v. Commissioner of IRS, No. 02-9120, 2003 U.S. Dist. LEXIS 11288, at **1-2 (E.D. Pa. June 5, 2003).

## B. DEFENDANT'S CONDUCT

Under the statutes on which Plaintiff relies, a taxpayer has no inherent right to receive a collection alternative. A taxpayer subject to a proposed levy, however, has the right to request a hearing, at which the taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy, including ... challenges to the appropriateness of collection actions; and...offers of collection alternatives, which may include...an installment agreement...." 26 U.S.C. § 6330(c)(2). A subsequent determination by an appeals officer "shall take into consideration," inter alia, "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection

action be no more intrusive than necessary." 26 U.S.C . § 6330(c)(3).

In evaluating the merits of an offer in compromise, 26 U.S.C. § 6330(c)(3) requires an appeals officer to consider whether requirements and applicable law or administrative procedures are satisfied; any issues relating to the unpaid tax or the proposed levy, such as collection alternatives; and"whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."  A decision by an appeals officer to reject collection alternatives may be based upon a number of factors, including whether the taxpayer supports a proposed collection alternative with relevant financial information to show that payments could be made under the alternative; whether the taxpayer is current on its tax obligations; and the escalating amount of the outstanding tax liability. Stop 26- Riverbend, 2003 U.S. Dist. LEXIS 5528 at *7.

In opposition to Defendant's Motion, Plaintiff argues that the Notice of Determination was based solely on Plaintiff's president's failure to provide personal financial information, which is irrelevant to the propriety of a collection alternative. Plaintiff does, however, acknowledge that Plaintiff's president could be liable for a portion of Plaintiff's employment tax liability, and asserts that he has been assessed for those taxes.[3]   Plaintiff further argues that the levy will close its business, and require the discharge of ten employees.   Therefore, Plaintiff suggests that

---

[3]Plaintiff does not assert, however, that its president has paid, or is able to pay, the assessed portion of its tax liability.

4

Defendant improperly balanced efficiency and intrusiveness under § 6330(c)(3). Plaintiff does not aver that the IRS failed to meet any other statutory or procedural requirements, and does not object to any aspect of the proceedings other than those involving the personal financial information and the fatal effect of a levy on its business..

In AllGlass Sys. v. Comm'r, 330 F. Supp. 2d 540 (E.D. Pa. 2004), the appeals officer requested personal financial information from the taxpayer's principals, and the information was not provided. Id. at 547. As a result, the appeals officer issued Notices of Determination sustaining levies. Id. at 542-43. The court rejected the argument that the officer abused her discretion "by upholding the Notice of Levy without considering taxpayers' offers-in-compromise on its merits and 'capriciously failed to consider plaintiffs' alternative collection offer' based on the fact that the IRS did not receive taxpayers' principal's tax forms," which the principals eventually provided after litigation commenced. Id. at 546. To the contrary, the court observed that basing the Notice on the principal's failure to provide the financial documents was not an abuse of discretion; instead, the failure to comply was "fatal to the taxpayers' case." Id. at 547.

I reach a similar conclusion. I do sympathize with those who will be affected by the levy; that I might have reached a different conclusion, however, is not the governing legal standard. There is no basis for characterizing the IRS determination as arbitrary, capricious, or unjustifiable in light of the record. Rather, the appeals officer has identified rational grounds for his decision, and indicated that he had

5

conducted the required balancing analysis.

## CONCLUSION

In sum, Plaintiff has not identified any factual or legal grounds that would create a genuine issue to preclude the entry of summary judgment, or otherwise compel a different conclusion. As a matter of law, therefore, I find that the appeals officer did not abuse his discretion in declining collection alternatives. The United States is entitled to judgment in its favor.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COHEN ENTERPRISES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )   Civil Action No.  05-1587 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **4th** day of May, 2006, after careful consideration and for the reasons set forth in the accompanying Opinion,  it is ORDERED that Defendant's Motion for Summary Judgment (Docket No. 3) is GRANTED.  This case shall be marked closed *forthwith*.


BY THE COURT:




/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge